**IN RE: Joseph SCOTT, Petitioner**

**No. 17-1406**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. March 9, 2017

(Opinion filed: March 23, 2017)

Joseph Scott, Pro Se

Shannon T. Hanson, Esq., Office of United States Attorney, Wilmington, DE, for Plaintiff-Respondent

Before: CHAGARES, VANASKIE and KRAUSE, Circuit Judges

OPINION *

PER CURIAM

Joseph Scott, a federal inmate currently incarcerated at FCI-Fairton, filed this mandamus petition on February 16, 2017, claiming that the District Court has failed to timely rule on his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Scott filed the § 3582(c) motion six months earlier. After Scott filed his mandamus petition, the District Court ordered the Government to respond to Scott's § 3582(c)(2) motion by March 27, 2017, and permitted Scott time after that in which to file a reply.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. The petition is also denied to the extent Scott requests that we order his "immediate release" pending disposition of his § 3582(c)(2) motion. See Hollingsworth v.

In light of the above, we cannot conclude that the District Court's delay in adjudicating Scott's § 3582(c)(2) motion is "tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), such that mandamus relief may be appropriate. Accordingly, the mandamus petition is denied.[1] This denial is without prejudice to Scott's filing a new mandamus petition should the District Court fail to act on his § 3582(c)(2) motion within a reasonable time.

---

Perry, 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (per curiam) (explaining that a mandamus petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires"); cf. Fed. R. App. P. 9(b); Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).